Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
JUAN SILVA,                                                  )                  No. 08-06-00096-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                 County Court at Law No. 2
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20050D13103)

MEMORANDUM OPINION

            Juan Silva attempts to appeal a DWI conviction. Finding that Appellant has no right of
appeal, we dismiss the appeal.
            Rule 25.2(a)(2) governs the defendant’s right to appeal in a criminal case:
 
A defendant in a criminal case has the right of appeal under Code of Criminal
Procedure article 44.02 and these rules. The trial court shall enter a certification of
the defendant’s right of appeal in every case in which it enters a judgment of guilt or
other appealable order.


 In a plea bargain case--that is, a case in which defendant’s
plea is guilty or nolo contendere and the punishment did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant--a defendant may
appeal only:
 
(A) those matters that were raised by written motion filed and ruled
on before trial, or
 
(B) after getting the trial court’s permission to appeal.

Tex.R.App.P. 25.2(a)(2).

            Appellant filed a timely notice of appeal and the trial court’s certification of the defendant’s
right to appeal as required by Rules 25.2(a)(2) and 25.2(d). The trial court’s certification reflects
that the appeal “is a plea-bargain case, and the defendant has NO right of appeal.” The certification
also reflects that Appellant waived the right of appeal. On April 28, 2006, the Clerk’s Office
notified Appellant that the certification reflects that he has no right of appeal in this case and
requested a response, but none has been filed. Based on the trial court’s certification that Appellant
has no right of appeal, we dismiss the appeal.

August 31, 2006                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)